NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3144

GLORIA C. PARSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

—————————————————

DECIDED: October 5, 2005

—————————————————

Before MAYER, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

DECISION

Gloria C. Parson petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the reconsideration decision of the Office of Personnel Management ("OPM") denying her application for survivor annuity benefits under the Civil Service Retirement System ("CSRS"), 5 U.S.C. § 8331 et seq. Parson v. Office of Pers. Mgmt., No. DC-0831-03-0680-I-1 (Feb. 2, 2005) ("Final Decision"). We affirm.

DISCUSSION

I.

Ms. Parson is the widow of George Parson, a deceased retired federal employee. Mr. Parson retired from federal service effective April 3, 1993. At the time of his retirement, Mr. Parson was unmarried and did not elect a survivor annuity benefit. He and Ms. Parson were married on July 10, 1993. Mr. Parson died on November 3, 2000. At no time after his marriage and prior to his death did Mr. Parson elect a reduction in his retirement annuity in order to provide survivor annuity benefits for Ms. Parson.

On November 28, 2000, Ms. Parson submitted an application to OPM seeking survivor annuity benefits in the form of a monthly survivor annuity. By letter dated April 14, 2003, OPM denied the application on the ground that there was no indication in its records that Mr. Parson had elected to provide Ms. Parson with a survivor annuity. Ms. Parson requested reconsideration of the decision. On June 17, 2003, OPM issued a reconsideration decision affirming its initial decision denying Ms. Parson's application. OPM stated again that there was no indication in its records that Mr. Parson had elected to provide Ms. Parson with a survivor annuity.

II.

Ms. Parson timely appealed OPM's reconsideration decision to the Board. Following a hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision sustaining OPM's decision. Parson v. Office of Pers. Mgmt., No. DC-0831-03-0680-I-1 (Oct. 31, 2003) ("Initial Decision"). After noting that Ms. Parson had the burden of establishing her entitlement to survivor benefits by a

preponderance of the evidence, see 5 C.F.R. § 1201.56(a)(2), the AJ turned to 5 U.S.C. § 8339(k)(2)(A). That statute provides, in pertinent part, that an individual who is not married at the time of retirement but who later marries may elect in a signed writing received within two years after the marriage to have his current annuity reduced in order to provide his spouse with a survivor annuity. The AJ noted that it was undisputed that Mr. Parson did not make such an election within two years of his marriage to Ms. Parson on July 10, 1993. Initial Decision at 3-4. The AJ next addressed the statutory requirement that OPM notify each annuitant annually of the right to elect to provide his or her spouse with a survivor annuity, see Mroz v. Office of Pers. Mgmt., 71 M.S.P.R. 299, 301 (1996). Initial Decision at 4. Failure on the part of OPM to furnish such notice may excuse the failure to make an election. Vallee v. Office of Pers. Mgmt., 58 F.3d 613, 616 (Fed. Cir. 1995). In that regard, the AJ noted that OPM had submitted evidence in the form of affidavits that established a rebuttable presumption that, during the relevant period of time, OPM had provided Mr. Parson with the required notification and that Ms. Parson had failed to rebut the presumption. Initial Decision at 4. See Brush v. Office of Pers. Mgmt., 982 F.2d 1554, 1560-61 (Fed. Cir. 1992). The AJ rejected Ms. Parson's argument that she was nonetheless entitled to a survivor annuity because Mr. Parson had wanted her to have one and, with that in mind, had filled out two forms—SF-2808, Designation of Beneficiary, and Designation of Beneficiary, Federal Employees' Group Life Insurance Program—that Ms. Parson believed Mr. Parson was told by his employing agency would effectuate that desire. Id. The AJ pointed out that the record contained no affidavits or testimony, other than Ms. Parson's statement as to her belief, that Mr. Parson was told by his employing agency that

signing the two forms would constitute an election to provide Ms. Parson with a survivor annuity. Id. at 4-5. The AJ also pointed out that the forms cited by Ms. Parson did not relate to electing a survivor annuity. For the foregoing reasons, the AJ held that Ms. Parson had failed to establish her entitlement to a survivor annuity. The AJ therefore affirmed OPM's reconsideration decision. Id. at 5-6.

The Initial Decision became the final decision of the Board on February 5, 2005, after the Board denied Ms. Parson's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

III.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357,1361 (Fed. Cir. 1998).

On appeal, Ms. Parson does not dispute that Mr. Parson failed to elect a survivor annuity for her within two years of their marriage on July 10, 1993. Rather, she raises several other arguments. First, she appears to challenge the statement on page 2 of the AJ's Summary of Prehearing Conference that "appellant stipulated that her late spouse had received general OPM notices informing him of the provisions of law governing the election of survivor annuity benefits. . . ." However, there is no indication, other than Ms. Parson's assertion, that the Summary of Prehearing Conference fails to

accurately state what took place at the conference. In any event, before the Board, Ms. Parson failed to come forward with evidence to rebut the presumption created by OPM's affidavits that, during the relevant period of time, OPM informed Mr. Parson of his election rights.

As she did before the Board, Ms. Parson also argues that Mr. Parson was erroneously told by his employing agency that, by filling out the two forms noted above, he would accomplish the objective of electing a survivor annuity for his wife. We reject this argument. In the first place, as noted by the AJ, there is no evidence in the record that the agency provided Mr. Parson with this kind of information. In addition, Ms. Parson's argument is undermined, we think, by the fact that the noted forms do not relate to the election of a survivor annuity. In any event, assuming Mr. Parson did receive incorrect verbal information from personnel at his employing agency, that misinformation would not estop OPM from enforcing the two-year statutory limit for filing an election for a survivor annuity. <u>Office of Pers. Mgmt v. Richmond</u>, 496 U.S. 414 (1990); <u>Koyen v. Office of Pers. Mgmt.</u>, 973 F.2d 919 (Fed. Cir. 1992).

Lastly, Ms. Parson argues that Mr. Parson cared deeply for her and that he intended to provide her with a survivor annuity. Like OPM and the AJ we are sympathetic to Ms. Parson in view of the circumstances in which she finds herself. However, we are not authorized to ignore the two-year statutory requirement for election of a survivor annuity.

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.